FILED
CLERK, U.S. DISTRICT COURT

MAY 2 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBRARY SQUARE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MUMINA ABDUR RAHMAN, et al.,<br><br>Defendants. | Case No. CV 13-3362<br><br>(PROPOSED)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court summarily remands this state civil action to state court because Defendant removed it improperly.

On May 10, 2013, Defendant Mumina Abdur Rahman lodged a Notice of Removal ("Notice") which seeks to remove a complaint filed against Defendant in state court ("State Complaint" or "State Action") by Library Square Associates, LLC ("Plaintiff"). (Notice at 1-2). The State Complaint seeks damages and injunctive relief for alleged violations of the California Commercial Code section 9625 and the California Business and Professions Code section 17200, *et seq.*, and slander of title. (State Complaint at 1-6). Defendant has also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the State Action was not properly

1  removed.  To prevent the State Action from remaining in jurisdictional limbo, the

2  Court issues this Order to remand the action to state court.

3      Simply stated, Plaintiff could not have brought this action in federal court in

4  the first instance, in that no basis for original federal jurisdiction appears from the

5  State Complaint, and the Notice of Removal does not competently allege facts

6  supporting either diversity or federal-question jurisdiction; Therefore, removal is

7  improper.  28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Services,

8  Inc., 545 U.S. 546, 563 (2005).  Specifically, Defendant could not properly remove

9  the action on the basis of diversity jurisdiction because she resides in California,

10  the forum state.  See 28 U.S.C. § 1441(b)(2).

11      Nor does the State Action raise any federal legal question.  See 28 U.S.C.

12  §§ 1331, 1441(b).  Plaintiff asserts only California state law claims (*i.e.*, violation

13  of California statutory provisions and a state tort claim).  Although Defendant

14  attempts to raise a federal question based on what appear to be defenses to the State

15  Action (Notice at 2), removal jurisdiction cannot be based upon a defendant's

16  defenses or counterclaims.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 393

17  (1987) ("[A] case may *not* be removed to federal court on the basis of a federal

18  defense").

19      Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

20  Los Angeles County Superior Court, 111 North Hill Street, Los Angeles, CA

21  90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c);

22  (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk

23  serve copies of this Order on the parties.

24      IT IS SO ORDERED.

25  DATED: ___5/17/13___

26

27  _____

28  HONORABLE GEORGE H. KING
    CHIEF UNITED STATES DISTRICT JUDGE

2